IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM NEUFELD, JR.,

        Plaintiff,

  v.

CORRECTIONAL OFFICER BAUTISTA, et al.,

        Defendants.

No. C 13-05265 SBA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

# INTRODUCTION

Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison ("PBSP"), filed this pro se civil rights complaint under 42 U.S.C. § 1983. The complaint alleges a litany of incidents involving various PBSP Correctional Officers at different points in time from January 2013 through October 2013. Among other things, Plaintiff claims that Defendants sprayed him with oleoresin capsicum spray; stripped and left him naked in a dirty cell; threw a breakfast tray at him; "rushed" him around while in restraints; stole his property; and destroyed his mail and grievances. (Compl. at 3a-3c.)

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

# DISCUSSION

**I.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id.

§ 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

## II.  Exhaustion

As a prerequisite to pursuing § 1983 claims in federal court arising from the conditions of his confinement, a prisoner must first exhaust his administrative remedies as to each claim. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

1  circumstances or particular episodes, and whether they allege excessive force or some other
2  wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies
3  is mandatory; those remedies need not meet federal standards, nor must they be "plain,
4  speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001).
5  Even when the prisoner seeks relief not available in grievance proceedings, notably money
6  damages, exhaustion is a prerequisite to suit. Id. at 741. The purposes of the exhaustion
7  requirement include allowing the prison to take responsive action, filtering out frivolous
8  cases and creating an administrative record. See Porter, 534 U.S. at 525.

9  A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no
10 exception to exhaustion applies. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), cert.
11 denied, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if it
12 is clear from the record that the prisoner has conceded that he did not exhaust administrative
13 remedies. Id.

14 The State of California provides its inmates and parolees the right to appeal
15 administratively "any departmental decision, action, condition or policy perceived by those
16 individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). It
17 also provides its inmates the right to file administrative appeals alleging misconduct by
18 correctional officers. See id. § 3084.1(e). In order to exhaust available administrative
19 remedies within this system, a prisoner must proceed through several levels of appeal:
20 (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form,
21 (3) second level appeal to the institution head or designee, and (4) third level appeal to the
22 Director of the California Department of Corrections and Rehabilitation. See id. § 3084.5;
23 Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative
24 remedies exhaustion requirement under § 1997e(a). See id. at 1237-38.

25 Here, the record is unclear whether Plaintiff exhausted his claims to the Director's
26 level before filing his federal complaint. For example, Plaintiff contends that "C/O Marshall
27 obstruct[ed] justice [by] throwing away all my grievances." (Compl. at 2.) However,
28 Plaintiff does not elaborate or explain whether he attempted to submit grievances relating to

the specific claims in this action.  Plaintiff has also left several blanks in the "Exhaustion of Administrative Remedies" section of the civil rights complaint form.  Therefore, it is unclear whether Plaintiff exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).

Accordingly, Plaintiff's claims may be unexhausted and subject to dismissal.  Therefore, Plaintiff's complaint is DISMISSED with leave to amend his complaint to establish that he exhausted all of his claims against each Defendant before he filed this action.  If Plaintiff did, in fact, exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

### III.   Named Defendants

The Defendants named in this complaint are the following PBSP officials: Correctional Officers Bautista, Brock, Cooper, Marshall, Mart and Testa.  In his amended complaint, Plaintiff must identify the particular individuals who caused the harm he allegedly suffered.  More specifically, Plaintiff must identify by name or as Doe Defendants each individual who allegedly caused a violation of his constitutional rights and must link each defendant to a specific constitutional violation -- i.e., state what that defendant did that caused the violation of Plaintiff's constitutional rights.  See Leer v. Murphy, 844 F.2d at 634 (liability may be imposed on individual defendant under §1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).  Conclusory allegations of wrongdoing will not do.  Id.  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  Id. at 633.  As mentioned above, Plaintiff is cautioned that there is no respondeat superior liability under § 1983.  See Taylor, 880 F.2d at 1045.  That is, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another.  Id.

**IV.     Motion for Temporary Restraining Order**

On December 16, 2013, Plaintiff filed a motion for temporary restraining order ("TRO") requesting an immediate transfer to Los Angeles County Jail so that he is no longer subject to harassment at PBSP.  The same legal standard applies to an application for a TRO and a motion for a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief[.]"  Winter, 555 U.S. at 22.  The moving party bears the burden of meeting all prongs of the Winter test.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, Plaintiff has demonstrated neither a likelihood of success on the merits nor that he will suffer irreparable harm in the absence of a TRO.  Specifically, Plaintiff has failed to establish a likelihood of success on the merits because prisoners have no constitutional right to be incarcerated at a particular prison or to avoid being transferred.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).  Indeed, as discussed above, it is questionable whether any of Plaintiff's claims are cognizable.  Moreover, Plaintiff's conclusory showing is particularly deficient given that he seeks a mandatory injunction, to which a heightened standard applies.  See Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993).  Plaintiff's motion for a TRO is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff's motion for a TRO (Dkt. 6) is DENIED.

2.     The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file an amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case

5

1  No. C 13-05265 SBA (PR) -- on the form, clearly label the complaint "Amended Complaint,"
2  and complete all sections of the form.  Because an amended complaint completely replaces
3  the original complaint, Plaintiff must include in it all the claims he wishes to present.  See
4  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); King
5  v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644 F.2d 811,
6  814 (9th Cir. 1981).  He may not incorporate material from the original complaint by
7  reference.  **Plaintiff's failure to file an amended complaint by the deadline will result in**
8  **the dismissal of this action without prejudice.**
9      3.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
10 court informed of any change of address and must comply with the Court's Orders in a timely
11 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
12 pursuant to Federal Rule of Civil Procedure 41(b).
13     4.   The Clerk of the Court shall send Plaintiff a blank civil rights form along with
14 a copy of this Order.
15     5.   This Order terminates Docket No. 6.
16     IT IS SO ORDERED.
17 DATED:  1/31/2014                           _____
                                              SAUNDRA BROWN ARMSTRONG
18                                            United States District Judge