IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NEUFELD, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CORRECTIONAL OFFICER BAUTISTA, et al.,<br><br>　　　　Defendants. | No. C 13-05265 SBA (PR)<br><br>**SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

This is a pro se civil rights action filed by Plaintiff William Neufield, Jr., who is a state prisoner currently incarcerated at California State Prison - Sacramento ("CSP-Sacramento"). The Court previously dismissed the complaint, finding that the record was unclear as to whether Plaintiff exhausted his claims to the Director's level before filing his federal complaint. The Court granted Plaintiff leave to file an amended complaint to allow Plaintiff to: (1) establish that he exhausted all available administrative remedies[1]; (2) identify each individual who allegedly caused a violation of his constitutional rights; and (3) link each Defendant to a specific constitutional violation. Dkt. 11 at 4. The Court also notified Plaintiff that "[b]ecause the amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present." Id. at 6.

Now pending before the Court is Plaintiff's amended complaint, dkt. 12, in which he seeks monetary damages and injunctive relief based on alleged injuries caused by employees of Pelican Bay State Prison ("PBSP") on unspecified dates when he was incarcerated there from January 2013 through October 2013. The Court reviews the amended complaint below.

---

[1] Subsequent to the Court's dismissal order, the Ninth Circuit held that a prisoner need not allege exhaustion of administrative remedies in his or her pleadings. See Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). Therefore, the Court does not address whether Plaintiff's amended complaint sufficiently alleges exhaustion.

# DISCUSSION

## I.   Injunctive Relief Claims

Plaintiff seeks both injunctive relief and monetary damages.  The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution.  PUC v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996).  A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."  Flast v. Cohen, 392 U.S. 83, 95 (1968).  Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances.  See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness.  Id.

When Plaintiff filed his original complaint on November 13, 2013, he was incarcerated at PBSP.  Plaintiff sought injunctive relief to remedy his alleged injuries stemming from various constitutional violations at PBSP.  On February 21, 2014, Plaintiff filed his amended complaint and informed the Court he has been transferred to CSP-Sacramento.  Because Plaintiff is no longer incarcerated at PBSP, his claims for injunctive relief based on his confinement at PBSP are DISMISSED as moot.  The Court proceeds to review Plaintiff's remaining claims for monetary damages.

## II.   Claims for Monetary Damages

In his amended complaint, Plaintiff again alleges a litany of incidents involving various PBSP Correctional Officers, and he only makes conclusory allegations without elaborating on each incident.  He alleges that Defendants sprayed him with pepper spray,

2

struck him in the arm with a food tray, assaulted him while he was in restraints, "stripped" him, stole his property, and threw away his grievances. Dkt. 12 at 3-4.[2]  Plaintiff's allegations do not adequately show that he is entitled to relief under 42 U.S.C. § 1983 because: (1) he has not alleged the specific dates on which the Defendants' actions caused him injury; (2) he has failed to elaborate on the surrounding circumstances for each incident; and (3) he has not stated how such actions violated his constitutional rights.[3] Without such information, Plaintiff's allegations fail to state a claim upon which relief may be granted under § 1983.

In addition, the amended complaint is extraordinarily broad, and appears to reference every conceivable incident matter which Plaintiff found objectionable while incarcerated in PBSP over the course of ten months. Several claims are not properly joined under Federal Rule of Civil Procedure 20(a). Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Here, Plaintiff's claims are based on a broad array of distinct incidents involving different individuals over the course of his incarceration at PBSP. Plaintiff is granted leave to amend to rectify this deficiency. Thus, in his second amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him at PBSP that he finds objectionable unless it comports with Rule 20 as set forth above. He must choose what claims he wants to pursue that meet the joinder

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[3] As the Court informed Plaintiff in its prior Order, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

requirements; if he asserts improperly joined claims in his Second Amended Complaint, they will be dismissed.

Because Plaintiff is proceeding pro se, the amended complaint is DISMISSED with leave to amend, and Plaintiff is granted one further opportunity to amend his complaint to state cognizable claims for relief concerning the events that transpired when he was incarcerated at PBSP.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims for injunctive relief are DISMISSED as moot.

2. Plaintiff's amended complaint is DISMISSED with leave to amend.

3. No later than **twenty-eight (28) days** from the date of this Order, Plaintiff may file a second amended complaint in order to cure the deficiencies noted above with respect to his claims concerning events that transpired when he was incarcerated at PBSP.

4. Plaintiff is advised that the second amended complaint supersedes the amended complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). However, any claim that was dismissed without leave to amend does not need to be alleged again in an amended complaint to be preserved for appeal. See Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Furthermore, Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

5. Plaintiff shall use the Court's civil rights complaint form, and include in the caption both the case number of this action, No. C 13-5265 SBA (PR), and the heading "SECOND AMENDED COMPLAINT." As mentioned above, because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See id.; King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). He may not incorporate material from the original or amended complaints by reference. **If Plaintiff fails to file a timely second amended complaint in conformity with this Order,**

4

**this case will be dismissed without prejudice and will be closed.**

   6.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

   7.   The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

   IT IS SO ORDERED.

DATED: 8/7/2014

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge